UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TRACY KEMPER                                                                                               PLAINTIFF

V.                                     NO. 3:17CV00209-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                                           DEFENDANT

## ORDER

### I.  Introduction:

Plaintiff, Tracy Kemper, applied for disability benefits on April 29, 2015, alleging a disability onset date of November 26, 2014. (Tr. at 12). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 21). The Appeals Council denied his request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

### II.  The Commissioner's Decision:

The ALJ found that Kemper had not engaged in substantial gainful activity since the amended onset date of March 1, 2016. (Tr. at 14). At Step Two, the ALJ

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

found that Kemper has the following severe impairments: degenerative disc disease, status-post carpal tunnel release, generalized anxiety disorder, mood disorder, and obsessive compulsive disorder. *Id.*

After finding that Kemper's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Kemper had the residual functional capacity ("RFC") to perform sedentary work, except that: (1) he could only frequently perform handling and fingering duties; and (2) he is limited to unskilled work consisting of simple, routine, and repetitive tasks, where the supervision required is simple, direct, and concrete. (Tr. at 16).

The ALJ found that, based on Kemper's RFC, he was unable to perform any past relevant work. (Tr. at 20). However, relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that, based on Kemper's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including positions as call out operator and small group office clerk. (Tr. at 21). Thus, the ALJ held that Kemper was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether

2

it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

B. Kemper's Arguments on Appeal

Kemper contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the RFC failed to incorporate sufficient mental limitations and also failed to incorporate alleged gross and fine manipulative limitations.

Kemper treated at Families, Inc. for mental impairments. He was diagnosed

3

with generalized anxiety disorder and mood disorder in January 2014. (Tr. at 431-436). He was prescribed Klonopin. *Id*. Kemper was arrested in January 2015 for driving under the influence, and at that time, he tested positive for a number of illegal substances. (Tr. at 334-341). In April 2015, Kemper reported rapid mood changes and difficulty managing stressors. (Tr. at 438-445). However, he also spoke of a perfect relationship with his mother and great relationship with his father. (Tr. at 443). At the next appointment, he said that he was in a better mood and much more calm. (Tr. at 449).

From April 23, 2015 through April 8, 2016, Kemper underwent individual therapy at Families, Inc. on 18 occasions. (Tr. at 448-450, 451-454, 459-465, 500-502, 507-523, 528-531, 536-542). On several occasions, he had normal mental status exams with good judgment and insight and appropriate affect. (Tr. at 455, 528). Normal examination findings are not indicative of a disabling condition. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Moreover, Kemper reported improvement with medication and therapy. (Tr. at 52-53, 500-543). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). And Kemper was able to tend to personal hygiene, care for his children, handle money, and attend church. (Tr. at 52-53, 259-263). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54

F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Kemper claims he was more limited in his social capacity than the RFC allowed. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The first state-agency psychological consultant found no severe mental impairment (Tr. at 90); the second found mild limitation in social functioning. (Tr. at 102). Kemper did not provide a medical source statement from his own treating physician. The ALJ properly weighed the two consultant opinions against the medical evidence (improvement in condition, positive response to treatment, and ability to function independently) and assigned moderate mental limitations in the hypothetical question to the VE. (Tr. at 63-64). While Kemper argues that he had more than a moderate problem with social interaction, he attested to positive relationships with his parents and said he could take care of his children. There is

not sufficient evidence to disturb the ALJ's RFC determination with respect to mental impairments.

Kemper's second argument is that carpal tunnel syndrome prevented him from being able to perform the full manipulation functions of the RFC. He did have nagging pain and swelling in both arms and hands, and he was diagnosed with severe bilateral carpal tunnel syndrome in February 2016. (Tr. at 484). In March 2016, Kemper underwent bilateral cubital and carpal tunnel release surgery. (Tr. at 18, 484, 564-573). By April 2016, his doctor found no swelling, with normal sensation in his hand and full range of motion in his elbow and wrist. (Tr. at 566). He was "back to work, doing most things." (Tr. at 565). In May 2016, he was doing great with no significant problems. *Id*. Kemper said his numbness and tingling were completely gone. (Tr. at 565). Kemper's doctor released him to light duty work. (Tr. at 568).

Again, improvement in condition undermines a claimant's allegations of disability. The record reflects a full recovery after carpal tunnel surgery. Kemper did not require physical therapy or pain management. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Also, Kemper admitted he could handle a pen and type on a computer. (Tr. at 61). Still, the ALJ accounted for Kemper's alleged problems and limited him to frequent handling in the RFC. The record does not support any greater

limitation for manipulative functions.

**IV. Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated all of Kemper's limitations.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED, and Kemper's Complaint is DISMISSED, with prejudice.

DATED this 15th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE